UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT J. PASTOR,

    Plaintiff,

v.                                  CASE No. 8:11-CV-1764-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff seeks judicial review of the denial of his claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security misperceived the opinion of the medical expert he considered most persuasive, I recommend that the decision be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was forty-six years old at the time of the administrative hearing and who has a high school education, has been

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

employed primarily in construction (Tr. 457-59). He filed a claim for supplemental security income payments, alleging that he became disabled due to congestive heart failure, COPD, and hypertension (Tr. 65). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "hypertension, non-ischemic cardiomyopathy, chronic obstructive pulmonary disease (COPD), gastroesophageal reflux disease (GERD), obesity, and depression" (Tr. 19). He found that the plaintiff had the following residual functional capacity for light work (Tr. 21):

> lift and/carry 20 pounds occasionally and ten pounds frequently; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; sit (with normal breaks) for a total of about six hours in an eight-hour workday; and push/pull with arm or leg controls (as shown for lift/carry) is unlimited. He is limited to working in areas without temperature extremes and respiratory irritants but capable of performing routine tasks in an environment with limited work stress and limited contact with the public.

After concluding that the plaintiff had no past relevant work, the law judge found, based upon the testimony of a vocational expert, that there were light

work jobs in the national economy that the plaintiff could perform, such as copy machine operator, retail marker, and mail clerk (Tr. 26). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds. One of them is that the law judge misconstrued the opinion of Dr. Murthy Ravipati as supporting a finding that the claimant was able to do light work (Doc. 17, p. 15). That challenge has merit and warrants reversal.

The record contains four opinions from medical sources regarding the plaintiff's functional limitations. Two of these were from treating physicians. Thus, Dr. Mark A. Nowacki opined on June 29, 2007, that the plaintiff was unable to work at that time due to COPD, hypertension, and congestive heart failure (Tr. 330). Also, Dr. Teresa Fagan on August 22, 2007, indicated that the plaintiff was incapable of any employment and estimated that the plaintiff would be disabled for six months. The law judge discounted these opinions for various reasons (Tr. 24), and the plaintiff does not take issue with that determination.

The record also contains an opinion from Dr. Ronald Kline, a non-examining reviewing physician. Dr. Kline on November 1, 2007, opined that the plaintiff was limited to sedentary work (Tr. 146), and had significant postural limitations (Tr. 147). The law judge did not find this opinion persuasive because it was not supported by medical evidence received after his assessment.

Finally, the record contains an opinion from Dr. Ravipati, also a non-examining reviewing physician. Dr. Ravipati opined that the plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally, could stand or walk at least two hours in an eight-hour workday, and could sit for about six hours in an eight-hour workday (Tr. 235). The law judge said that he found Dr. Ravipati's opinion persuasive (Tr. 24-25). The law judge stated that Dr. Ravipati "concluded that the claimant is capable of performing sustained work activity consistent with light exertion" (Tr. 24).

The law judge seriously misconstrued Dr. Ravipati's opinion. While the ability to lift and carry ten pounds frequently and twenty pounds occasionally is consistent with light work, the ability to stand and walk for two hours is not. Light work "requires standing or walking, off and on, for

a total of approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10, 1983 WL 31251 at *6 (S.S.A.). Consequently, Dr. Ravipati's opinion does not show that the plaintiff is capable of light work, and the law judge was wrong to say that it did.

The Commissioner tries to overcome this problem by asserting that the law judge implicitly rejected Dr. Ravipati's opinion that the plaintiff's walking and standing was limited (Doc. 18, p. 11). There is nothing in the decision that supports that assertion. To the contrary, the law judge stated (Tr. 24):

> Please note the assessment of Dr. Ravipati that the plaintiff is capable of light exertion. Dr. Ravipati is an unbiased medical expert that performed a thorough review of the available evidence and based his assessment upon objective findings.

Those statements contradict the idea that the law judge was rejecting Dr. Ravipati's opinion about the plaintiff's ability to stand and walk.

Moreover, when the law judge disagreed with Dr. Ravipati's opinion regarding the plaintiff's postural limitations, he expressly said so (Tr. 25).[2] While a credibility finding may be implicit, it "must be so clear as to

---

[2] The adequacy of the rejection of Dr. Ravipati's opinions regarding postural limitations is questionable. Dr. Ravipati opined, among other things, that the plaintiff could

-7-

amount to a specific credibility finding." Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983). In this case, there is nothing clear about a rejection of Dr. Ravipati's opinion regarding the plaintiff's ability to stand and walk. It appears to me that the law judge did not implicitly reject that opinion, but simply misread it.

Moreover, the error was important because it distorted the law judge's evaluation of the plaintiff's claim. Thus, from all that appears, the law judge relied heavily upon Dr. Ravipati's opinion in finding that the plaintiff could perform light work. While the law judge's decision is entitled to great deference, that deference is warranted only when the law judge has not made any major errors in his evaluation of the evidence. The law judge's error in this case was sufficiently significant that it warrants reversal.

Notably, the Commissioner makes no contention that the error was harmless. The law judge might have asked a hypothetical question of the

---

only climb ladders, ropes, and scaffolds occasionally (Tr. 236). Under the law judge's finding, the plaintiff, who weighs around 276 pounds (Tr. 460) and has severe impairments of COPD and cardiomyopathy, could climb ladders, ropes, and scaffolds constantly. A vague reference to the entirety of the medical evidence does not adequately justify that counter-intuitive conclusion. Notably, Dr. Kline opined that the plaintiff should never climb ladders, ropes, and scaffolds (Tr. 147). However, the plaintiff has not challenged the law judge's findings regarding postural limitations (see Doc. 17, pp. 15-16). Nevertheless, the law judge's findings on postural limitations do not instill confidence in the law judge's determination of the plaintiff's residual functional capacity.

vocational expert that assumed that the plaintiff was limited to sedentary work or that assumed the functional limitations opined by Dr. Ravipati, as law judges sometimes do in order to make an alternative finding. That, however, was not done here. Rather, the law judge relied upon a hypothetical question that assumed, contrary to Dr. Ravipati's opinion, that the plaintiff could stand or walk for a total of about six hours in an eight-hour workday. The basis for that assumption is seriously flawed because of the law judge's misunderstanding of Dr. Ravipati's opinion, an opinion which the law judge said he found persuasive. Under these circumstances, the doctrine of harmless error cannot save the law judge's error from reversal.

In light of the conclusion that a remand for further proceedings is warranted, the plaintiff's other two issues need to be addressed only briefly.

The plaintiff challenges the law judge's credibility determination, but the assessment of that challenge can be pretermitted since a new credibility determination will be made on remand. In fact, in view of that circumstance, it is appropriate for the court to refrain from commenting on the plaintiff's credibility prior to the new administrative evaluation. Nevertheless, it is noted that the plaintiff is not correct in challenging the law

judge's comment about the plaintiff having had eighteen beers prior to a hospital admission (Tr. 22) since, contrary to the plaintiff's contention (Doc. 17, p. 11), the record does support the law judge's comment (Tr. 202, 204).

The plaintiff also asserts that the law judge erred by denying disability because of a failure to follow treatment (Doc. 17, p. 14). However, as the Commissioner correctly responds, the law judge did not deny benefits on that basis, but permissibly considered a failure to follow treatment as bearing on the plaintiff's credibility (Doc. 18, pp. 7-8, 8-10).

IV.

For these reasons, the decision of the Commissioner is fundamentally flawed. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 30, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).